## No. 5807.

### SUCCESSIONS OF J. O. AND ANNE MCCALL.

28 | 713
52 | 355

If the defendant in partition is properly represented, the act of partitioning all the property is an acceptance of the succession, and the creditors, if any, will not be injured by the sale, which, if legally made, transfers the mortgages that may exist to the proceeds.

The record shows that the absent heir was properly represented, and the proceedings were had contradictorily with such representative. The order of sale was not and is not a judgment against the absentee, but simply an order directing the auctioneer how to sell property, which a judgment already rendered contradictorily between the parties had decreed it was necessary to sell in order to effect the partition. In assenting to the terms and conditions as the most favorable to the absentee, the curator *ad hoc* waived no right which he was bound to defend.

It was not irregular to sell two pieces of property separately which adjoined and had been described together. The evidence is that it was advantageous. The terms are legal.

Objections must be explicitly made, and not in general terms, as apparent on the face of the record.

APPEAL from the Second District Court, parish of Orleans. *Tissot, J. McGloin & Nixon*, for administrator and appellant. *James & Joseph Brewer* and *A. & W. Voorhies*, for Curtis, defendant and appellee. *W. B. Lancaster*, for Sheehan, defendant and appellee.

HOWELL, J. These two successions were administered by one of the heirs, William J. McCall, who, as heir, instituted a suit for a partition and caused a curator *ad hoc* to be appointed to represent his absent

brother, Thomas C., who is the only other heir. This curator *ad hoc* was duly cited, and he filed an answer to the suit. After the report of the experts was made to the effect that a partition in kind could not be made, the plaintiff filed a petition asking that an inventory be made, that an order of sale issue to an auctioneer named, and that the property be sold for one third cash and the balance on a credit of one and two years, with eight per cent interest and the usual clauses for attorney's fee, insurance, mortgage, etc. The curator *ad hoc* consented to the terms and conditions, and joined in the prayer of the petition. The court, "considering the prayer of the petition and written approval of the curator *ad hoc*," granted the order as prayed for. The sale was made, and the several pieces of property were adjudicated to various persons. Some six months thereafter W. J. McCall, as administrator and heir, took a rule on the purchasers to comply with their bids, or in default, to have the property sold at their risk. Two of them made defense —

First—That the two successions were in course of administration and in possession of the administrator thereof, who had not rendered a final account, and a sale for partition could not therefore be made.

Second—That said sale and adjudication are null and void, as the proceedings are for a partition between heirs of age, and the Second District Court is without jurisdiction.

Third—That one of the heirs is an absentee, and was not properly represented in said proceedings.

Fourth—That the proceedings were not had contradictorily.

Fifth—That the property was advertised and sold under a description entirely different from that in the petition and order for a sale, and without any judicial sanction for such difference.

Sixth—The sale was made on terms not authorized by law.

Seventh—And other irregularities, informalities, and nullities apparent on the face of the record and proceeding.

One of them made an additional defense, that the property adjudicated to him was incumbered with a lease different from that described by the auctioneer at the time of the sale, and more onerous, and that plaintiff could not give possession, and can not now. Each asked for the return of the cash payment. Judgment was rendered in favor of the defendants, dismissing the rule, and plaintiff appealed.

First—As to the first ground, we can see no good cause of apprehension on the part of the purchasers. If the defendant in the partition is properly represented, the act of partitioning all the property is an acceptance of the succession, and the creditors, if any, will not be injured by the sale, which, if legally made, transfers the mortgages that may exist to the proceeds. We are of opinion that if the court be competent and the

defendant, the absent party, properly represented, the purchasers will be protected.

Second, third, and fourth—The objection to the competency of the court seems to be abandoned, and we think the record shows that the absentee was properly represented, and the proceedings were had contradictorily with such representative. The point is not made in the answers to the rule, that the curator *ad hoc* was without authority to agree to the terms of the sale, but it is asserted in brief that a curator *ad hoc* can give no consent to any judgment rendered against an absentee, and the case of Carpenter vs. Beatty, 12 R. 540, is cited. That case is very different from this. The order of sale was not and is not a judgment against an absentee, but simply an order directing the auctioneer how to sell property which a judgment already rendered contradictorily between the parties had decreed it was necessary to sell in order to effect the partition. And in assenting to the terms and conditions as the most favorable to the absentee, the curator *ad hoc* waived no right which he was bound to defend.

Fifth and sixth—We have not discovered the difference in the description of the property suggested. It was not irregular to sell two pieces of property separately which adjoined and had been described together. The evidence is that it was advantageous. The terms are legal.

Seventh—Objections must be explicity made and not in general terms, as " apparent on the face of. the record."

As to the lease, the evidence shows that the auctioneer made the announcement in regard to it in the presence of the purchaser.

We think the purchasers at this sale are fully protected, and they should comply with their bids.

It is therefore ordered that the judgment appealed from be reversed, and that the rule of fifteenth December, 1874, be made absolute, with costs, and the purchasers at the sale on thirtieth May, 1874, of the property of these successions, be ordered to comply with their respective bids and accept the property adjudicated to them as set forth in the *procès verbal* of the auctioneer annexed to the rule, and comply with the terms and conditions of said sale; in default thereof said property be sold at their risk and according to law; costs of appeal to be paid by appellees.

---

WYLY J., *dissenting.* The order of sale in this partition suit, fixing the terms at part cash and the balance on one and two years, was rendered on the agreement of the parties; it was in effect a consent judgment. The curator *ad hoc*, representing the absentee, Thos. C. McCall,

had no authority to give consent or make any agreement in the premises.

In my opinion the sale was merely a consent sale, and the purchaser acquired no valid title.

I therefore dissent.

Justice Morgan concurs in this dissenting opinion.